# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LYDIA R. OTTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-4202-CV-C-NKL |
| | ) |
| SHERI BULLOCK and DON KRAHN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendant Don Krahn's Motion to Substitute the United States of America for Defendant Krahn and the United States of America's Motion to Dismiss [Doc. # 3]. For the following reasons, the Court grants both motions, substituting and dismissing the United States without prejudice. The Court also remands the claim against Defendant Sheri Bullock to state court.

**I. Background**

Plaintiff Lydia Otten filed her Petition in the Circuit Court of Pettis County, Missouri, on June 22, 2010, alleging negligence relating to an automobile accident. Plaintiff sought money damages from Defendants Krahn and Sheri Bullock for "carelessly, negligently, and unlawfully" operating their vehicles and causing the accident. [Doc. # 1-1 at 2, 5.]

Through her attorney's affidavit, Plaintiff Otten now alleges that she had previously filed out a "Claim for Damage, Injury, or Death" form provided by the Social Security

Administration ("SSA"). [Doc. # 4-2, ¶ 5.] Plaintiff's claim was allegedly mailed to the address provided for the SSA "on or about February 16, 2010, by United States Mail, first class postage prepaid." *Id.* Approximately four months later, after receiving no response from the SSA, Plaintiff filed her civil action in state court but "requested the Clerk . . . to withhold issuance of any summons in the case until further notice." *Id.* at ¶ 7. "On August 26, 2010, a summons was requested, and . . . was mailed to defendant Krahn." *Id.* at ¶ 8.

On September 8, 2010, Defendant Krahn removed Plaintiff's civil action to this Court, alleging that he was employed by the SSA at the time of the accident and was "engaged in official government business for the SSA and operating his assigned government vehicle." [Doc. # 1 at 2.] Therefore, "plaintiff's claims are cognizable, if at all, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, *et seq*. ('FTCA')." *Id.* (citations omitted).

## II. Discussion

### A. Defendant Krahn's Motion to Substitute the United States

The FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees occurring within the scope of their employment. 28 U.S.C. § 2679(b)(1). The statute further provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon

> such claim in a State court shall be removed . . . shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Certification authority has been delegated to the United States Attorney for the district where the civil action is brought. 28 C.F.R. 15.4.

Here, Beth Phillips, United States Attorney for the Western District of Missouri, has certified that Defendant Krahn was acting within the scope of his employment with the SSA at the time of the accident. [Doc. # 1-2.] Plaintiff Otten has "no objection to the relief prayed for in defendant Krahn's motion to substitute." [Doc. # 4 at 1.] Therefore, Defendant Krahn's Motion to Substitute the United States is granted.

### B. Defendant United States's Motion to Dismiss for Lack of Jurisdiction

The United States further moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Count I of Plaintiff Otten's Petition – containing her claims against Defendant Krahn – for lack of subject matter jurisdiction. Defendant United States initially alleged that Plaintiff had failed to file an administrative claim with the SSA and exhaust administrative remedies prior to filing her civil action. In its Reply, the United States now states that "the evidence would suggest that Ms. Otten and her attorney tried to send SSA a tort claim but it was never received by the agency or was lost before being entered into their record keeping system." [Doc. # 7 at 2.] Nonetheless, Defendant United States maintains that "district courts have no jurisdiction over a FTCA action which is filed prior to the passage of 180 days after a tort claim is received by an agency." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

Plaintiff Otten responds that "although defendant may be technically correct," dismissal of Count I would lead to an inefficient result:

> [T]he Court will necessarily have to remand the case back to state court as there will no longer be any federal jurisdiction. At this juncture, six months after the filing of her claim of damages having expired, plaintiff will immediately send another summons to defendant Krahn, and the United States Attorney can, once again, remove this case to federal court after paying the required $350.00 filing fee.

[Doc. # 4 at 2.] Therefore, Plaintiff urges the Court to take a "purely practical (as opposed to legal)" approach to the statute. *Id.*

In its Reply, Defendant United States takes note of Plaintiff's "legitimate concern" and suggests that "the Court dismiss the United States without prejudice and stay this action until the SSA has settled with the plaintiff or declined plaintiff's claim." [Doc. # 7 at 2.] Defendant United States represents that the SSA has agreed to accept and process Plaintiff's tort claim as if filed on the date Plaintiff filed her Suggestions in Opposition and attached the claim as Exhibit 1 – i.e., September 21, 2010. *Id.* Apparently, the parties still disagree as to when Plaintiff should be considered to have filed a tort claim with the SSA.

The relevant statutory text provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

4

28 U.S.C. § 2675(a).

The Supreme Court has interpreted the first clause of the above provision as follows:

> In its statutory context, we think the normal interpretation of the word "institute" is synonymous with the words "begin" and "commence." The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.

*McNeil*, 508 U.S. at 112. *McNeil* held that the "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" and that the district court has properly dismissed the prematurely filed suit for lack of jurisdiction. *Id.* at 113. Moreover, Justice Stevens cautioned against the sort of flexible interpretation of the FTCA's exhaustion requirement that Plaintiff urges here:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*Id.* at 112.

Here, it is uncontroverted that Plaintiff Otten commenced her civil action in state court approximately four months after she allegedly mailed her tort claim to the SSA, and even Plaintiff concedes that she failed to exhaust her administrative remedies prior to filing suit. [Doc. # 4 at 2.] Therefore, even assuming Plaintiff presented her claim to SSA on February 16, 2010, she prematurely instituted her action upon this claim against the United States in June 2010 when she filed her Petition with the Circuit Court of Pettis County. Because the

statute provides that such an action shall not be instituted, and because the FTCA is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their employment, the Court has no jurisdiction over Count I of Plaintiff's Petition.

Therefore, the Court dismisses the United States from this suit without prejudice. Plaintiff is also correct in noting that the Court must "remand the case back to state court as there will no longer be any federal jurisdiction" in the absence of the FTCA claim. *Id.* Just as the Court cannot stay Count I given its lack of subject matter jurisdiction, it also cannot stay the state claim against Defendant Bullock over which the Court lacks subject matter jurisdiction. The Court therefore remands the negligence claim in Count II against Defendant Bullock to the Circuit Court of Pettis County, Missouri. Although these rulings terminate the federal case, the Court will allow Plaintiff Otten to file a motion for leave to reopen the case upon exhaustion of administrative remedies as required by statute. It will be up to her to decide whether she wants to pursue her state and federal claims piecemeal.

### III.  Conclusion

Accordingly, it is hereby ORDERED that Defendant Don Krahn's Motion to Substitute the United States of America for Defendant Krahn and the United States of America's Motion to Dismiss [Doc. # 3] are GRANTED.  The remaining claim against Defendant Bullock is remanded to Pettis County state court.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 5, 2010
Jefferson City, Missouri